IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT V. SHIPMAN**, | Case No. 3:21-cv-00606-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **UNITED STATES OF AMERICA**, acting through the **UNITED STATES POSTAL SERVICE**, | |
| Defendant. | |

John M. Oswald, Bottini & Bottini PC, 6420 SW Macadam Avenue, Suite 214, Portland, OR 97239. Theodore P. Heus, Quinn & Heus, LLC, 9450 SW Germini Drive, PMB 22366, Beaverton, OR 97008. Attorneys for Plaintiff.

Michael James Jeter, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorney for Defendants.

**IMMERGUT, District Judge.**

On May 10, 2022, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R"). ECF 32. The F&R recommends that this Court deny Plaintiff's motion for leave to amend his complaint, ECF 19.[1] On May 23, 2022, Plaintiff filed objections.

---

[1] On March 30, 2022, this Court adopted Judge Beckerman's previous F&R, ECF 16, in full and granted Defendant's motion to dismiss, ECF 5. ECF 30.

PAGE 1 – ORDER

ECF 34. On June 6, 2022, Defendant responded to Plaintiff's objections. ECF 35. For the following reasons, this Court ADOPTS Judge Beckerman's F&R in full.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court has reviewed de novo the portions of Judge Beckerman's F&R to which Plaintiff objects and accepts Judge Beckerman's conclusions. With respect to the first negligence claim arising out of the co-worker's conduct, Plaintiff may not plead his way around the deficiencies in his original complaint by now pleading "facts directly contrary to those he has pleaded in his first . . . complaint[]." *Ritchie v. Staton*, No. 3:17-cv-00844-AC, 2018 WL 2276241, at *8 (D. Or. Mar. 28, 2018), *findings and recommendation adopted* No. 3:17-cv-00844-AC, 2018 WL 2248450 (D. Or. May 16, 2018). This Court therefore agrees with Judge Beckerman that any attempt to amend this claim is futile.

With respect to the second negligence claim arising out of the United States Postal Service's ("USPS") alleged failure to train its employee or maintain a safe workplace, *see* ECF

PAGE 2 – ORDER

19-1 at 5–6, this Court holds that the discretionary function exception to the Federal Tort Claims Act precludes the claim. "[E]mployment, supervision and training . . . fall squarely within the discretionary function exception." *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). In addition, Plaintiff failed to present to the USPS in writing within two years the facts underling the second claim for relief. *See* 28 U.S.C. §§ 2675(a), 2401(b). Accordingly, Plaintiff's second negligence claim is "forever barred." 28 U.S.C. § 2401(b).

## CONCLUSION

Judge Beckerman's F&R, ECF 32, is adopted in full, as supplemented in this Order. This Court DENIES Plaintiff's motion for leave to amend, ECF 19, and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 28th day of June, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER